Chanelle Linet **ALEXANDER**, et al., Appellants–Plaintiffs,

v.

Jack **COTTEY**, Marion County Sheriff, et al., Appellees–Defendants.

No. 49A02–0301–CV–32.

Court of Appeals of Indiana.

April 14, 2004.

---

Lawrence M. Reuben, Stephen Laudig, Richard A. Waples, Indianapolis, IN, Attorneys for Appellants.

Jeffrey S. McQuary, Office of the Corporation Counsel, for the City of Indianapolis, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

Kevin Charles Murray, Julia Blackwell Gelinas, Locke Reynolds LLP, Indianapolis, IN, A. Howard Williams, South Bend, IN, Attorneys for Amicus Curiae Indiana Sheriffs' Association, Inc.

## OPINION

BAKER, Judge.

In our original opinion reported as *Alexander, et al. v. Cottey, et al.,* 801 N.E.2d 651 (Ind.Ct.App.2004), we held, among other things, that the trial court indeed has subject matter jurisdiction to determine whether the Sheriff and the State had the authority to enter into contracts with telephone companies regarding charges for the telephone calls from inmates. In the end, we determined that the trial court erred in dismissing the lawsuit brought by "the Class," i.e., family members, friends, and attorneys who pay for the calls in response to the claim advanced by the Sheriff that the Class had failed to exhaust the appropriate administrative remedies. We noted that because of the numerous statutory and common law claims the Class had advanced, the trial court remains the proper forum to consider those contentions. *Id.* at 660–61.

On rehearing, the Sheriff essentially raises the same issues that were presented in the direct appeal, yet he intimates that this court "implicitly found that the proceeds that the Sheriff's Department receives from the telephone companies

pursuant to the contracts at issue become the Sheriff's personal property." Appellees' Petition for Rehearing p. 3. We now grant the Sheriff's petition for rehearing for the limited purpose of clarifying our original opinion and dispelling that notion.

Contrary to the Sheriff's contention, our decision was not grounded upon that principle. Rather, we noted the substance of several statutes, namely Indiana Code sections 36–2–13–2.5, 36–8–10–7 and 6–8.1–8–3, for the purpose of emphasizing that the law is very precise as to what funds a sheriff can collect, where they go, how they should be spent, and how the funds should be tracked. We did not—and do not—imply that the Sheriff "personally pockets" the proceeds under the telecommunication contracts.

 As an aside, we note that for the first time on appeal, the Sheriff's Association, Inc., in its Brief of Amicus Curiae, urges that the provisions of Indiana code section 5–22–23–1 to –6, that were enacted after this lawsuit was filed, alters the trial court's jurisdiction over this matter and that those statutes in some fashion endorse or approve of the contracts at issue. Br. of Amicus Curiae p. 2, 5. In our view, however, the promulgation of these statutes is geared toward the lowering of the telephone call costs to inmates and like-

wise limits the county sheriffs' telephone contracts to the Department of Correction rates.[1] That said, it is apparent to us that the jurisdictional issues before this court have not been affected by the enactment of the statutes, and such an argument is not a basis for the grant of a rehearing petition and a reversal of this case.

As a result, we grant rehearing for the limited purposes set forth above. In all other respects, our original opinion stands.

SHARPNACK, J., and BROOK, Senior Judge, concur.

---

1. For instance, Indiana Code section 5–22–23–5 provides in part that:
 (b) Notwithstanding any other law, the solicitation must include a statement concerning the following:
 . . .
 (2) The goal of reducing the total cost of a telephone call placed by a confined offender by soliciting competitive proposals that emphasize lower:
 (A) per call service charges;
 (B) per minute rates; and
 (C) commission rates.
 Also, section 6 of the statute relating to solicitation by a purchasing agent states that
 (b) [A] solicitation by a purchasing agent:

 (1) must include any security and fraud control services considered necessary by the purchasing agency, including the use of collect calling services as the sole means of confined offender communications with the general population; and
 (2) may not solicit:
 (A) a per call service charge;
 (B) a per minute rate; or
 (C) a commission rate;
 that exceeds the terms of a contract between the state and a telecommunications provider for the same service under the most recent solicitation submitted by the department under this article.